Todd M. Friedman (SBN 216752)
Nicholas J. Bontrager (SBN 252114)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com

Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800)400-6808
Facsimile: (800)520-5523

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SHAIN GILLETTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST PREMIER BANK,<br><br>Defendants. | ) | Case No. '13CV0432 LAB RBB<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**California Penal Code § 632.7** |

Plaintiff, Shain Gillette ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. This is a class action brought on behalf of all individuals in California whose cellular telephone conversations with Defendant, First Premier Bank ("Defendant") were recorded by Defendant without their knowledge or consent.

2. Shain Gillette ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain eavesdropping, recording and listening equipment in order to record, monitor or listen to the cellular telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq*., thereby invading Plaintiff's privacy.

3. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Florida state. Plaintiff also seeks up to $5,000.00 in damages for each call in violation of the Penal Code § 632.7 as provided by § 637.2(a), which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages

threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5. Venue is proper in the United States District Court for the Southern District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and County of San Diego.

## PARTIES

6. Plaintiff, Shain Gillette ("Plaintiff"), is a natural person residing in California.

7. Defendant, First Premier Bank("Defendant") is a leader in the consumer lending industry.

## FACTUAL ALLEGATIONS

8. Throughout the previous two (2) years from the date of filing of the instant complaint, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged debt owed on his personal First Premier Bank account. During this time, Plaintiff had at least three (3) telephone communications with certain employees, officers and/or agents of Defendant via Plaintiff's personal cellular telephone. Plaintiff is informed and believes, and thereon alleges that is Defendant's pattern and practice to record outgoing calls made to California residents. The calls are about individuals' finances and debt. Defendant does not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded. Plaintiff was unaware that the phone calls Defendant made to him in California, allegedly to collect a debt, were recorded. There was no pre-call recorded message. Defendant's representatives never informed Plaintiff that the calls were being recorded.

9. On or about November 21, 2011, Defendant contacted Plaintiff on Plaintiff's personal cellular telephone in regards to the alleged debt Defendant sought to collect. During this conversation, Defendant informed Plaintiff that he had missed his previous monthly payment.

10. During this conversation with Defendant, Plaintiff discussed highly personal and private information that Plaintiff had not openly discussed with others, including, but

limited to the status of Plaintiff's account/balance and Plaintiff's personal debit card information to process payment.

11. Plaintiff had no reasonable expectation that any part of Plaintiff's cellular telephone conversation with Defendant would be monitored, recorded and/or eavesdropped upon due to the private subject matter being discussed. Should Plaintiff have known that said conversation was being recorded, Plaintiff would have conducted and spoken differently to the representative of Defendant.

12. Plaintiff was shocked to discover that such a confidential communication was being monitored, recorded and/or eavesdropped upon by Defendant without Plaintiff's knowledge or consent.

13. At no time during the November 21, 2011 call did Plaintiff give consent for the telephone call to be monitored, recorded and/or eavesdropped upon.

14. At no time during the November 21, 2011 call did Defendant advise Plaintiff that the conversation was being monitored, recorded and/or eavesdropped upon.

15. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording and/or monitoring telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other California residents.

16. Plaintiff is informed and believes, and thereon alleges that Defendant has installed and/or caused to be installed certain eavesdropping, and listening equipment in its employees' or agents' telephone lines. Defendant uses these devices to overhear, record, and listen to each and every telephone conversation on said telephone lines.

17. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded, monitored, and/or eavesdropped upon without the knowledge or consent of the public, including Plaintiff and other California residents.

18. Plaintiff did not learn that Defendant recorded the phone calls it made in attempting to collected an alleged debt from Plaintiff, until February of 2013.

**ACCRUAL OF RIGHTS TO PRIVACY CLAIM, CONTINUING VIOLATION, EQUITABLE TOLLING AND FRAUDULENT CONCEALMENT**

19. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the phone calls it made to Plaintiff and members of the California Class without their knowledge or consent.

20. Defendant concealed from Plaintiff and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the California Class on the other hand.

21. Defendant concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and members of the California Class that they were not being recorded. At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded. Such warnings are ubiquitous today.

22. Plaintiff was justified in not bringing the claim earlier based on Defendant's failure to inform Plaintiff and other members of the California Class that the phone calls were being recorded.

**CLASS ALLEGATIONS**

23. Plaintiff brings this action individually and on behalf of all others similarly situated ("The Class").

24. Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in California whose inbound and outbound cellular telephone conversations were monitored, recorded, and/or eavesdropped upon without their consent by Defendant within one (1) year prior to the filing of the original Complaint in this action."

25. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believe this number to be in

the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

a. Whether Defendant has a policy of recording, and/or eavesdropping upon and/or monitoring incoming and/or outgoing calls to/from a consumer's cellular phone;

b. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing cellular telephone conversations were being recorded, eavesdropped upon and/or monitored;

c. Whether Defendant's policy of recording, eavesdropping upon and/or monitoring incoming and/or outgoing cellular calls constituted a violation of California Penal Code § 632.7;

d. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

29. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

30. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest adverse to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims.

31. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF PENAL CODE § 632.7

34. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio

telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

35. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or a cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

36. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

37. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

38. Said recording equipment was used to record the cellular telephone conversations of Plaintiff and the members of The Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

39. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

40. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, The Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b. For $5,000 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Class, pursuant to § 637.2(a);

c. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

d. For costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated: February 20, 2013

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**s/Todd M. Friedman**
Todd M. Friedman
Nicholas J. Bontrager
Attorneys for Plaintiff